

# THE ATTORNEY GENERAL

## OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

October 20, 1976

The Honorable Ray D. Anderson
County Attorney
Terry County Courthouse
Brownfield, Texas    79316

Opinion No. H- 885

Re:   Whether an inde-
pendent audit of the Tax
Assessor's records must be
made annually.

Dear Mr. Anderson:

You have requested our opinion concerning the following two questions:

> 1.  When the Commissioners Court employs an accountant to do an independent audit of the Tax Assessor's records, is the auditor allowed to remove the tax roll, receipts, delinquent tax roll and monthly receipts from the office of the Tax Assessor for the purpose of making the audit?
>
> 2.  Is the Commissioners Court required to have an independent audit made of the Tax Assessor's records annually?

In answering your first question, we assume that "receipts" and "monthly receipts" refer to the duplicate receipts of tax payments and tax receipt stubs kept by the Tax Assessor pursuant to article 7257 and 7260, V.T.C.S., and not to the tax monies paid him.  In your letter, you suggest that article 7199, V.T.C.S., provides the answer to question 1. That provision provides in part:

> The assessor's abstracts shall be kept in
> his office at the county seat of his county,
> as records of his office, and shall be at all
> times subject to the inspection of the public.
> The index book shall show . . . the volume
> and page in which each survey is placed.

We do not believe that this statute necessarily forbids the temporary removal of abstracts from the assessor's office for a reasonable period of time and for a proper purpose. For example, there is specific statutory authorization for removal of the books so that they might be inspected by the Commissioners Court. See V.T.C.S. art. 7206, § 1. Nor does the requirement that the abstracts "be at all times subject to the inspection of the public" mandate continuous availability; otherwise the tax assessor's office could never close. A temporary unavailability of reasonable duration should not interfere with the public's right to inspect. Of course, while certain removal of the records is permitted, it is not mandated, and the place and procedure for examination of records by an independent auditor is a matter to be resolved by agreement between the independent auditor and the tax assessor. See Attorney General Opinions O-6260 (1944); O-2734 and O-2734A (1940).

You also ask whether the independent audit should be made annually. Article 1641, V.T.C.S., authorizes the Commissioners Court to provide for an independent audit:

> Any Commissioners Court, when in its
> judgment an imperative public necessity exists
> therefor, shall have authority to employ a
> disinterested, competent and expert public
> accountant to audit all or any part of the
> books, records, or accounts of the county . . . .
> The said resolution [providing for such audit]
> may be presented in writing at any regular
> or called session of the Commissioners Court,
> but shall lie over to the next regular term
> of said court . . . .

Provided that in addition to the emergency
powers granted herein, there is also conferred
upon the Commissioners Court the authority to
provide for and cause to be made an independent
audit of the aforesaid accounts and officials
when the court, by order duly entered at any
regular term, finds that the interest of the
public would be best served thereby.

This statute authorizes the Commissioners Court to call
for an independent audit when "an imperative public necessity
exists" or when "the interest of the public would be best
served thereby," but it does not require independent audits
to be made annually or at any other interval. Compare V.T.C.S.
arts. 1641d, 1641e.

### S U M M A R Y

Certain tax records may but are
not required to be temporarily
removed from the tax assessor's office
for an independent audit. The Commissioners
Court of Terry County is not required
to have an annual independent audit of
the Tax Assessor's records.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED BY:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb